UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID DARNELL BROWN | ) | |
| | ) | |
| v. | ) | No. 3:12-1053 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response (Docket No. 13) to the Motion.

For the reasons set forth herein, the Court concludes that Petitioner's Motion To Vacate is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged with being a felon in possession of a firearm (Count One) and ammunition (Count Two), in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Indictment (Docket No. 3 in Case No. 3:11-00051)). Prior to trial, the Petitioner pled guilty pursuant to a Plea Agreement based, in part, on Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure in which the parties agreed to a sentence of 18 months of imprisonment, and three years of supervised release. (Docket Nos. 36, 37, 59 in Case No. 3:11-00051). At the subsequent sentencing hearing, the Court sentenced the Petitioner to 18 months on each count, to run concurrently. (Docket Nos. 47, 48, 49, 50 in Case No. 3:11-00051). The record indicates that no appeal was taken from the conviction or sentence.

III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated on the following grounds: (1) Petitioner was not advised of the nature and cause of the charges against him in violation of the Sixth Amendment; (2) the Indictment was defective for failure to specify whether the Court's subject matter jurisdiction was based on law, equity, admiralty, or maritime; (3) applying a federal statute to Petitioner's private conduct violated the Tenth Amendment; and (4) Petitioner was erroneously convicted of being a felon in possession of a firearm and ammunition when he was not a convicted felon.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir.

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Amr v. United States, 280 F. App'x 480, 485, 2008 WL 2246367 (6th Cir. June 2, 2008); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Failure to notify of charges and subject matter jurisdiction

As the first two grounds, Petitioner argues that the Court, prosecution, and defense counsel failed to inform him of the nature and cause of the accusation against him in violation of the Sixth Amendment, and that the Indictment was defective for failure to specify whether the Court's subject matter jurisdiction was based on law, equity, admiralty, or maritime.

Petitioner's first claim is belied by the record. At the change of plea hearing, the Court advised the Petitioner regarding the nature and cause of the charges against him by reading the

3

allegations of the Indictment, as well as the statutes referenced in the Indictment. (Transcript of Change of Plea Hearing, at 6-8 (Docket No. 59 in Case No. 3:11-00051)). The Court then addressed the Petitioner:

> So that's what you have been charged with, Mr. Brown, and I want to make sure you feel like you understand the nature, meaning, and cause of the charges against you. Do you?
>
> A. Yes, sir.
>
> Q. Have you told your lawyer, Mr. Funk, everything you know about the facts upon which the charges are based?
>
> A. Yes, sir.
>
> Q. Have you and your lawyer talked about what the government would have to prove beyond a reasonable doubt to a jury in order for you to be convicted?
>
> A. Yes, sir.
>
> Q. Have you and your lawyer talked about any possible defenses that you might have?
>
> A. Yes, sir.
>
> * * *
>
> Q. Are you satisfied with your lawyer?
>
> A. Yes, sir.

(Id., at 8-9). Petitioner was fully advised of the charges against him, and his allegation to the contrary is meritless.

Petitioner also argues that his Indictment was defective for failing to allege whether the Court's subject matter jurisdiction was based on law, equity, admiralty, or maritime, and suggests that such an allegation is required by Article III, Section 2, of the United States Constitution and 18 U.S.C. § 3231.

4

Article III, Section 2, provides in pertinent part:

Section 2. The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

Section 3231 provides:

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

Neither of these provisions require that an indictment allege "law, equity, admiralty or maritime" jurisdiction.

The requirements for a valid indictment are set forth in the Federal Rules of Criminal Procedure. Rule 7(c) provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." The courts have held that an indictment is sufficient if it: (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend; and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. See, e.g., Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); United States v. Coss, 677 F.3d 278, 287-88 (6th Cir. 2012). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to

5

constitute the offence intended to be punished.'" Coss, at 288 (quoting United States v. Heller, 579 F.2d 990, 999 (6th Cir. 1978)).

The Indictment in this case charged the Defendant with two violations of 18 U.S.C. §§ 922(g) and 924. In order to convict a defendant of being a felon in possession of a firearm or ammunition, the Government must prove the following elements beyond a reasonable doubt: (1) the defendant previously had been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant possessed a firearm and/or ammunition; and (3) the possession was in or affecting interstate or foreign commerce. See Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 12.01; United States v. Gardner, 488 F.3d 700, 713 (6th Cir.2007); United States v. Harris, 2012 WL 3194485 (6th Cir. Aug. 7, 2012).

The two-count Indictment in the underlying criminal case alleged:

COUNT ONE

THE GRAND JURY CHARGES:

   On or about August 3, 2010, in the Middle District of Tennessee, Defendant **David Darnell Brown**, having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, did knowingly posses (sic), in and affecting commerce, a firearm, to wit: Glock, model 22, 40 caliber pistol.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924.

COUNT TWO

THE GRAND JURY FURTHER CHARGES:

   On or about August 3, 2010, in the Middle District of Tennessee, **David Darnell Brown**, having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, ammunition, to wit: .40, .357, 9mm, and 12 gauge shotgun ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1), and 924.

(Docket No. 3 in Case No. 3:11-00051).

The language of the Indictment met the requirements of the law, and is not defective for failing to allege that subject matter jurisdiction was based on law, equity, admiralty or maritime. Petitioner's second claim is also without merit.

D. <u>Application of federal statute to private conduct</u>

The Petitioner argues that the Tenth Amendment to the United States Constitution prohibits application of 18 U.S.C. §§ 922(g) and 924 to his private conduct. The Tenth Amendment to the United States Constitution provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." The Tenth Amendment does not prohibit application of Sections 922(g) and 924 to the Petitioner. <u>See</u>, <u>e.g.</u>, <u>United States v. Lewis</u>, 236 F.3d 948, 950 (8th Cir. 2001)(Federal firearms statute provision prohibiting possession of firearms by persons convicted of domestic violence misdemeanor does not violate the Tenth Amendment); <u>United States v. Andaverde</u>, 64 F.3d 1305, 1310 (9th Cir. 1995)(Federal firearms provision prohibiting possession of firearms by convicted felon does not violate the Tenth Amendment); <u>United States v. Minnick</u>, 949 F.2d 8, 10-11 (1st Cir. 1991)(same). <u>See</u> also <u>United States v. Roszkowski</u>, 700 F.3d 50, 57-58 (1st Cir. 2012)(upholding Sections 922(g)(1) and 922(k) to Commerce Clause challenge based on Supreme Court's recent opinion in <u>National Federation of Independent Business v. Sebelius</u>, ___ U.S. ___, 132 S.Ct. 2566, 183 L.Ed.2d 450 (2012)). Petitioner's Tenth Amendment claim is without merit.

The Petitioner also suggests that the term "United States" as used in Title 18 does not

include the sovereign territory of Tennessee. To support his argument, the Petitioner cites 18 U.S.C. § 1152, which provides:

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
>
> This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

The term "Indian country" is defined in Section 1151 as: "(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government . . ., (b) all dependent Indian communities within the borders of the United States . . . , and (c) all Indian allotments, the Indian titles to which have not been extinguished . . ." These provisions do not support the Petitioner's argument that citizens of Tennessee are exempt from application of federal criminal law.

Finally, Petitioner appears to raise a Second Amendment challenge to his conviction. In District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), the Supreme Court recognized an individual's right to bear arms under the Second Amendment. In reaching its decision, however, the Court expressly limited the scope of that individual right within the context of its own opinion:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.

\* \* \*

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the *possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

Heller, 128 S.Ct. at 2816-17 (footnote and citations omitted)(emphasis added). See also United States v. Carey, 602 F.3d 738, 740-41 (6th Cir. 2010). As Heller expressly permits federal prohibitions of firearm possession by convicted felons under the Second Amendment, the Petitioner's challenge is without merit.

E. Failure to establish that Petitioner was a convicted felon

Petitioner argues that he is actually innocent of being a felon in possession of a firearm and ammunition because he was not a convicted felon as required by the applicable statute. Petitioner alleges that the California conviction relied on by the Government in charging him with being a convicted felon was supposed to have been expunged as part of his plea agreement in the California proceeding.

As set forth above, one of the elements of the crime of conviction in the Petitioner's case is that the Petitioner had previously been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearm and ammunition. The term "crime punishable by imprisonment for a term exceeding one year" is defined in 18 U.S.C. § 921(a)(20) as follows:

> (20) The term 'crime punishable by imprisonment for a term exceeding one year' does not include--
>
> > (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. *Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

The Supreme Court has held that the question of whether a conviction has been expunged under this provision is determined by the law of the convicting jurisdiction. Beecham v. United States, 511 U.S. 368, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994). Defendant's prior conviction was for "assault by means likely to produce great bodily injury," and was entered on December 12, 2005 in a California court. (Transcript of Change of Plea Hearing, at 21-22). Petitioner does not cite any record of expungement in California.

According to the statement of Petitioner's attorney at the change of plea hearing, the plea agreement through which the Petitioner pled guilty to the California offense permitted him, after the successful completion of probation, to apply to the California courts to have the conviction reduced from a felony to a misdemeanor, and then dismissed and expunged. (Id., at 4). Defense counsel further explained that counsel in California had not made the expungement motion at the time of the instant offense, but the expungement had taken effect by the time the change of plea hearing was held. (Id.) Both defense counsel and the Government agreed, however, that the Petitioner would have been a convicted felon under the federal statute even if his conviction had been expunged by a California court at the time of the federal offense. (Id., at 4-5). In that

10

regard, counsel for the Government cited the California expungement statute, California Penal Code § 1203.4. (Id.)

Section 1203.4 provides in pertinent part:

(a)(1) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.

(2) Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6.

The courts that have addressed the issue have held that Section 1203.4 does not satisfy the expungement provision under federal firearms law, and that convictions "expunged" under Section 1203.4 still satisfy the definition of "crime punishable by imprisonment for a term exceeding one year" under the federal statute. United States v. Cox, 934 F.2d 1114, 1121-22 (9th Cir. 1991)(Section 1203.4 expungement does not eliminate a prior felony conviction under federal firearms statute as expungement statute expressly prohibits firearm possession); Jennings v. Mukasey, 511 F.3d 894, 898-99 (9th Cir. 2007)(Section 1203.4 expungement does not eliminate a prior conviction for misdemeanor crime of domestic violence under the federal

firearms statute). Thus, as the parties indicated at the plea hearing, Petitioner's prior conviction satisfies the requirement that he have been convicted of a "crime punishable by imprisonment for a term exceeding one year," even if the conviction had been expunged by a California court at the time the Petitioner possessed the firearm and ammunition. Petitioner's claim in that regard is without merit.

IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE